**24942. FOSTER v. CALDWELL, Superintendent.**

DUCKWORTH, Chief Justice. The applicant for the writ of habeas corpus, at the age of 15, was accused, plead guilty and was sentenced in Lamar Superior Court to eight years, that is, two years each for three offenses of burglary and one of robbery to run consecutively, without a hearing on whether or not he should be treated as a juvenile, after he entered a plea of guilty upon the advice of counsel who had knowledge of a confession he had made to the arresting officers of his guilt. Thereafter in another superior court on advice of counsel he plead guilty and was sentenced to three years to run concurrently on another charge of burglary. He alleges that he was denied due process under the Fourteenth Amendment of the United States Constitution (1) by reason of his unintelligent waiver of the right to counsel during the interrogation period, (2) by being denied the right to effective counsel because said counsel had been appointed one hour before the proposed hearing, and (3) by being afforded no judicial hearing on the issue of whether or not he might be treated as a juvenile—the court failing to exercise any discretion as to whether or not he should be treated as a juvenile, and the solicitor general and the arresting officers having made the decision to try him as an adult. He likewise alleges he was denied legal protection by the law in that juveniles in this county are treated entirely differently from other juvenile offenders in urban areas of Georgia and

denied the right to be brought before a juvenile court rather than being treated as an adult, and that the Juvenile Court Act in essence provides that criminal accountability in this state begins only when a person arrives at the age of 17 years, and neither court sentencing him had any jurisdiction without a judicial finding that he was of sound mind and therefore criminally accountable despite the fact he had not obtained the age of 17 years. *Held:*

1. The age of criminal responsibility being 14 years, or earlier in certain instances (*Code* § 26-301), even if certain language of the Juvenile Court Act might indicate that it was the intention to give original jurisdiction to juvenile courts in all cases pertaining to criminal charges of persons less than 17 years of age, it has already been held in *Jackson v. Balkcom,* 210 Ga. 412 (80 SE2d 319), that the superior courts in this instance did not lose jurisdiction to try the applicant on the criminal charges as made in this case.

2. Even though the counties here trying the applicant had no juvenile court, it was not a denial of equal protection because other urban counties would have tried him as a juvenile, inasmuch as the General Assembly may make classifications for purposes of legislation based on population since this is a reasonable basis provided all persons in the areas are treated alike. *Barge v. Camp,* 209 Ga. 38 (70 SE2d 360); *Dorsey v. City of Atlanta,* 216 Ga. 778, 781 (119 SE2d 553).

3. The applicant admits he was guilty of the crimes charged, and offers no other defenses, hence we agree with the lower court in its finding that the appellant was adequately and effectively represented by counsel when he entered his plea of guilty, time alone being insufficient to show counsel was ineffective, and we find no violation of his constitutional rights. Further, the confession was never used against him and is not here involved. See Knowles v. Gladden, 378 F2d 761; Howard v. State of Florida, 259 FSupp. 499; Reed v. Henderson, 385 F2d 995.

4. Having considered every enumeration of error involved in this appeal, the judgment is

*Affirmed. All the Justices concur.*

ARGUED DECEMBER 9, 1968—DECIDED JANUARY 9, 1969.

*Ronald L. Reid,* for appellant.

*Arthur K. Bolton, Attorney General, Marion O. Gordon, Assistant Attorney General, Wm. R. Childers, Jr., Deputy Assistant Attorney General,* for appellee.