## 30983. DORSEY v. THE STATE.

GUNTER, Justice.

This appeal presents the issue of the constitutionality or unconstitutionality of a provision of the Criminal Code of Georgia, Code Ann. § 26-507 (c) which provides: "A prosecution is barred if the accused was formerly prosecuted in a District Court of the United States for a crime which is within the concurrent jurisdiction of this State if such former prosecution resulted in either a conviction or an acquittal, and the subsequent prosecution is for the same conduct, unless each prosecution requires proof of a fact not required in the other prosecution, or the crime was not consummated when the former trial began."

The appellant was indicted by a federal grand jury and also by a Georgia grand jury for crimes that arose out of the same transaction. The appellant entered pleas of guilty in the United States District Court for the Southern District of Georgia. Prior to his arraignment on the charges contained in the Georgia indictment, he filed his plea-in-bar of his prosecution by Georgia and relied on Code Ann. § 26-507 (c) quoted above.

The state and the appellant stipulated that the offenses charged in the federal and state indictments were the same and arose out of the same conduct by the appellant for which the appellant had been convicted and sentenced in the United States District Court.

The district attorney contended that Code Ann. § 26-507 (c) was an unconstitutional statute in that it ousted the superior courts in Georgia of their "exclusive jurisdiction" as provided for in the Georgia Constitution,

Code Ann. § 2-3901.

The trial judge ruled in favor of the district attorney's position; he held that the exclusive jurisdiction of the superior courts could not be altered or surrendered to another court or sovereign by an Act of the Georgia General Assembly; and he overruled the appellant's plea-in-bar of prosecution by the state.

A jury trial followed on the state charges; the appellant was convicted and sentenced; and he has come to this court urging, along with other enumerated errors, that his plea-in-bar should have been sustained, and that his convictions by the state cannot stand.

We agree with the appellant's position on this issue, and the judgment below must be reversed.

Code Ann. § 26-507 (c) does not oust the Georgia superior courts of their "exclusive jurisdiction" over the trial of capital felonies. It is a procedural statute as distinguished from a jurisdictional statute; it merely bars a prosecution by the state if the accused was formerly prosecuted and convicted in a District Court of the United States for a crime over which the federal court had jurisdiction and over which the superior court had concurrent jurisdiction; and such a statute can be enacted by the Georgia General Assembly without contravening the constitutional provision that endows the superior courts with exclusive jurisdiction in this state over the trial of capital felonies.

In *State v. Estevez,* 232 Ga. 316 (206 SE2d 475) (1974), this court said: "Code Ann. § 26-507 sets out in detail when a second prosecution is barred. These are matters of procedure. They prevent an accused from being unduly harassed by or threatened by successive criminal prosecutions." P. 319.

In the Committee Notes, Code Ann. Ch. 26-5, we find this comment: "Subsection (c) of Section 26-507 is a new feature in the law of Georgia, in which it has long been held that double jeopardy provisions of the Constitution do not prohibit multiple prosecution for the same act if that act constituted an offense against more than one sovereign. Subsection (c) results in protection of the accused against prosecution by the State of Georgia if his act had previously resulted in prosecution by the Federal

Government on the same terms as though the prior prosecution had been by the State of Georgia."

We respectfully disagree with the ruling made below; a statutory bar to a criminal prosecution and a statutory limitation upon a criminal prosecution are procedural prohibitions that do not affect jurisdiction in any way; Code Ann. § 26-507 (c) is a constitutional statute; and the plea-in-bar of prosecution by the state should have been sustained.

*Judgment reversed. All the Justices concur, except Jordan, J., who dissents.*

ARGUED APRIL 13, 1976 — DECIDED NOVEMBER 3, 1976 — REHEARING DENIED NOVEMBER 23, 1976.

*DeWitt R. Dent,* for appellant.
*H. Reginald Thompson, District Attorney, Arthur K. Bolton, Attorney General, Isaac Byrd, Assistant Attorney General,* for appellee.

JORDAN, Justice, dissenting.

Appellant Larry Cornell Dorsey was convicted in the Superior Court of Jefferson County, Georgia, for murder, armed robbery, 2 counts of kidnapping, and 2 counts of illegal possession of firearms, and was acquitted on one count of kidnapping. He was sentenced to death for murder, life imprisonment for the armed robbery, 20 years on each count of kidnapping and 5 years on each count of possession of firearms. The trial court set aside the convictions for possession of firearms.

The threshold question on appeal is whether his prosecution and conviction in Jefferson Superior Court was barred by Code Ann. § 26-507 (c) since he had previously entered a plea of guilty to crimes arising from the same conduct in the United States District Court for the Southern District of Georgia, for which he received the maximum sentence of life imprisonment under federal law.

A brief review of the facts shows that the appellant and two companions, Julius Rawls and Lee Houston, left Atlanta on December 17, 1974, and traveled to Wrens, Georgia, where they spent the night in a motel. On De-

cember 18, 1974 they entered the First State Bank of Wrens armed with a sawed-off shotgun and pistols and proceeded to rob the bank. They herded 9 employees and 2 customers into the vault and closed the door. As they were gathering up the money, the chief of police of Wrens, responding to an alarm, entered the front door of the bank. A shootout ensued between the chief and Rawls, the only robber in his view at that time. Rawls was hit, ordered to lie on the floor, but ran out as the chief was reloading his pistol. He was pursued by the chief but escaped and was later apprehended. The chief returned to the bank where he was met by appellant and Houston who were holding two women employees in front of them as hostages. Houston was armed with a sawed-off shotgun and the appellant Dorsey with a pistol. They were in the rear of the bank facing the chief and the front of the bank. After several more shots were fired by the chief and the robbers, the woman hostage held by Houston slumped to the floor, dead from a pistol bullet which entered her back, exited from her stomach and went through the front glass door of the bank.

Houston then secured another woman hostage and threatened to kill everyone in the bank unless the police left, which they did. Appellant and Houston then telephoned the police and demanded that a car be sent to the rear of the bank for their escape. This demand was met with the understanding that the hostages would be released 5 miles from town. Appellant and Houston with the 2 hostages left in the car and when they were not released, police set up a road block in Green County. Another shootout followed in which Houston was killed and appellant captured.

Appellant and Rawls were indicted for the resulting crimes by the Jefferson County grand jury on January 31, 1975. Appellant was subsequently indicted on March 14, 1975 by a federal grand jury for armed robbery, kidnapping, and unlawfully killing Mrs. Lamb while attempting to avoid apprehension. On March 18, 1975, he entered a plea of guilty and was subsequently sentenced in federal court.

Appellant then filed a plea in bar to his prosecution in Jefferson Superior Court based on the above mentioned

statute. The trial court declared Code Ann. § 26-507 (c) to be unconstitutional, overruled the plea in bar, put the appellant on trial which resulted in his conviction.

The appellant relies on Code Ann. § 26-507 (c) (Ga. L. 1968, pp. 1249, 1267) which provides as follows: "(c) a prosecution is barred if the accused was formerly prosecuted in a District Court of The United States for a crime which is within the concurrent jurisdiction of this state if such former prosecution resulted in either a conviction or an acquittal, and the subsequent prosecution is for the same conduct, unless each prosecution requires proof of a fact not required in the other prosecution, or the crime was not consummated when the former trial began."

The state and the appellant stipulated before trial that the offenses charged in the federal and state indictments were the same and arose out of the same conduct by the same defendant for which the defendant-appellant has been convicted and sentenced in the United States District Court.

This discussion must begin by recognizing the established principle that each sovereign can prosecute for offenses against that sovereign and that the constitutional guarantee against double jeopardy prohibits only a second prosecution by the *same* sovereign. Waller v. Florida, 397 U. S. 387 (1970).

An "act denounced as a crime by both national and state sovereignties is an offense against the peace and dignity of both and may be punished by each." United States v. Lanza, 260 U. S. 377, 382 (1922).

There could be no doubt that the State of Georgia clearly had the constitutional authority and power to prosecute the appellant in the courts of this state even though the federal sovereign had formerly prosecuted for the same offense prior to the enactment of the above quoted Code section. This was clearly recognized by the drafters of this 1968 statute where it is stated in the Committee notes that "subsection (c) of Sec. 26-507 is *a new feature* in the law of Georgia in which it has long been held that double jeopardy provisions of the constitution do not prohibit multiple prosecutions for the same act if that act constituted an offense against more than one sovereign." (Emphasis supplied.)

The question therefore posed to the court is whether or not such a constitutional prerogative can be surrendered to another sovereign by an Act of the Legislature.

The Georgia Constitution provides that the "Superior Courts shall have exclusive jurisdiction . . . in criminal cases where the offender is subjected to loss of life or confinement in the penitentiary except in the case of juvenile offenders as provided by law." Code Ann. § 2-3901. Relying on this constitutional provision and decisional law, the trial court in a well-written and erudite opinion, concluded that such jurisdiction could not be altered or surrendered to another court or sovereign by an Act of the General Assembly.

The appellant contends, and the majority opinion holds, that the statute does not abrogate the jurisdiction of the superior courts but merely bars prosecution of a crime under certain circumstances. I do not agree with this contention. The statute clearly prevents the superior courts from dealing with a "crime which is within the . . . jurisdiction of this state" under stated circumstances. The statute is cast in jurisdictional terms, unlike statutes dealing with time limitations as a bar.

Some would agree that the purpose of the statute is laudable and tends to promote justice. The drafters of the statute stated that it "results in protection of the accused against prosecution by the State of Georgia if his act had previously resulted in prosecution by the federal government." Committee Notes, Chapter 26-5. On the other hand it allows a person accused of crimes against different sovereigns to "forum shop" and select the sovereign in which he might receive a lighter penalty and/or more favorable parole consideration.

The courts of this state have jealously guarded this constitutional provision vesting exclusive jurisdiction of felonies in the superior courts. In construing the Juvenile Court Act of 1951 this court said: "This court is entirely in sympathy with the beneficent purposes of the Juvenile Court Act of 1951. However, we can only uphold the purposes of the Act consistent with our Constitution. Should any of the provisions of the Juvenile Court Act of 1951 have been intended to withdraw the

jurisdiction of the superior courts to try an offender, . . . for an offense punishable by death or life imprisonment . . . such provisions would be unconstitutional and could be given no effect." *Jackson v. Balkcom,* 210 Ga. 412 (80 SE2d 319) (1954). In *Foster v. Caldwell,* 225 Ga. 1 (165 SE2d 724), we said, ". . . even if certain language of the Juvenile Court Act might indicate that it was the intention to give original jurisdiction to juvenile courts in all cases pertaining to criminal charges of persons less than 17 years of age, it has already been held in *Jackson v. Balkcom,* 210 Ga. 412 (80 SE2d 319), that the superior courts in this instance did not lose jurisdiction. . ."

It was not until 1972 that the Constitution dealing with the exclusive jurisdiction of the superior courts was amended by adding the language *"except in the case of juvenile offenders as provided by law . . ."* Pursuant to this constitutional amendment, the General Assembly in 1973 enacted an implementing statute. In construing this amendment and subsequent statute this court said, "A genuine concern for the constitutional deficiency of the basic jurisdictional scheme of the Juvenile Court Code motivated adoption of the 1972 constitutional amendment. [Citing *Jackson,* supra.] Thus, we see that the fundamental structure for the jurisdictional plan for the Juvenile Court, when finally authorized by the constitutional amendment, was re-expressed by the General Assembly in 1973. . . The 1973 legislation provides a concurrent jurisdictional scheme that is authorized by the amendment." *J. W. A. v. State of Ga.,* 233 Ga. 683 (212 SE2d 849) (1975).

Just as the General Assembly was without constitutional authority to confer jurisdiction of felonies on the juvenile courts of this state prior to the 1972 constitutional amendment, it is my opinion that it is without authority to oust the superior courts of jurisdiction of crimes committed against the state when such crime has been disposed of in the federal district courts.

I seriously question the wisdom of surrendering jurisdiction of crimes committed against the citizens of this state to the United States district courts, whether by statute as approved by the majority of this court, or by a

constitutional amendment. The result of the majority opinion is to completely emasculate the death penalty in Georgia for murder resulting from a bank robbery. The perpetrator of such a crime can just "hot foot it" to the nearest federal district court where his maximum sentence is life imprisonment with liberal parole policies to insure his early release. I cannot believe that the General Assembly intended this result when it enacted this provision into the Criminal Code.

I would therefore affirm the judgment of the trial court holding the provisions of Code Ann. § 26-507 (c) to be unconstitutional and in overruling the appellant's pleas in bar.

I respectfully dissent.