## A01A1001. THORPE v. THE STATE.
(553 SE2d 171)

POPE, Presiding Judge.

Roberto Thorpe entered a guilty plea in federal court to possession of cocaine with intent to distribute. The court accepted the plea but postponed sentencing. Lamar County then indicted Thorpe for trafficking in cocaine arising out of the same set of facts, and, as a result, federal authorities dismissed their case against him. Thorpe then filed a plea in bar in the state action, arguing that OCGA § 16-1-8 mandates that that action is barred because his guilty plea was accepted by the federal court. The trial court denied the plea in bar, and Thorpe appeals.

On February 23, 2000, Officer Rosborough of the Lamar County Sheriff's Department stopped Thorpe for failure to maintain his lane on Interstate 75. Officer Rosborough conducted a pat-down search for his own safety and found a hard object in Thorpe's pants. Thorpe then fled, and Rosborough pursued and apprehended him. A kilogram package of cocaine was found nearby. On March 6, 2000, in the United States District Court for the Middle District of Georgia, Macon Division, Thorpe admitted these facts and his guilt and entered a guilty plea to a violation of 21 USC § 841 (a) (1) and (b) (1) (B) (ii), possession with intent to distribute cocaine. At the end of the plea hearing, the court stated, "All right. The plea can be entered. Sentencing will be in June."

On May 10, 2000, Thorpe was charged in Lamar County with a violation of OCGA § 16-13-31, trafficking in cocaine, arising out of the same conduct described above. On July 5, 2000, the federal indictment was dismissed for the stated reason that "[t]he case has been referred to the State of Georgia for prosecution." Thorpe then filed his plea in bar. The trial court denied the plea on the ground that Thorpe had not been sentenced in federal court and, relying on *Dorsey v. State,* 237 Ga. 876 (230 SE2d 307) (1976), that Thorpe committed separate crimes "against two sovereigns."

Under the "dual sovereignty" doctrine successive federal and state prosecutions for the same conduct do not violate the Fifth Amendment prohibition against double jeopardy, *Abbate v. United States,* 359 U. S. 187, 194-195 (79 SC 666, 3 LE2d 729) (1959); *Satterfield v. State,* 256 Ga. 593, 595 (2) (351 SE2d 625) (1987), but they may be barred by state statutory double jeopardy law such as OCGA § 16-1-8. That Code section and OCGA §§ 16-1-6 and 16-1-7 extend

the proscription against double jeopardy beyond the minimum constitutional requirements. *State v. Estevez*, 232 Ga. 316, 317 (1) (206 SE2d 475) (1974).

Thorpe contends that his state court prosecution is barred by OCGA § 16-1-8 (a) (2), which provides that "[a] prosecution is barred if the accused was formerly prosecuted for the same crime based upon the same material facts, if such former prosecution . . . [w]as terminated improperly . . . after a plea of guilty was accepted by the court."

But this subsection does not apply because the wording of OCGA § 16-1-8 shows that only subsection (c) applies to successive federal and state prosecutions. See, e.g., *Moser v. State*, 246 Ga. App. 268, 269 (2) (538 SE2d 904) (2000). Only that subsection specifically refers to prosecution in state court of a crime that was formerly prosecuted in a federal district court. See *Dorsey v. State*, 237 Ga. at 877-878 (subsection (c) was a new feature of Georgia law that applies to successive federal and state prosecutions). Cf. *State v. Burroughs*, 244 Ga. 288, 289 (1) (260 SE2d 5) (1979)[1] (the provisions of OCGA §§ 16-1-6 through 16-1-8 affect only successive prosecutions for state crimes, not municipal ordinances).

OCGA § 16-1-8 (c) bars prosecution of a crime in state court arising out of the same conduct prosecuted in federal court only if the federal prosecution resulted in either a conviction or an acquittal. Here, the federal prosecution resulted in neither. A "conviction" arising from a guilty plea requires entry of a final judgment. OCGA § 16-1-3 (4); *Blackstock v. State*, 270 Ga. 117, 119 (4), n. 5 (506 SE2d 130) (1998). Thorpe's federal prosecution was dismissed before entry of a final judgment. Therefore, the trial court correctly held that Thorpe's state court prosecution was not barred by OCGA § 16-1-8.

*Judgment affirmed. Blackburn, C. J., and Mikell, J., concur.*

DECIDED JULY 27, 2001 —
RECONSIDERATION DENIED AUGUST 23, 2001 — ■■■■■

*Virgil L. Brown & Associates, Virgil L. Brown, Eric D. Hearn*, for appellant.

*Richard G. Milam, District Attorney*, for appellee.

---

[1] Vacated on other grounds, *Burroughs v. Georgia*, 448 U. S. 903 (100 SC 3044, 65 LE2d 1134) (1980). See *State v. Burroughs*, 246 Ga. 393 (271 SE2d 629) (1980).