A12A0423. PALMER v. THE STATE.
(727 SE2d 189)

ELLINGTON, Chief Judge.

After a jury found Michael Palmer not guilty in the United States District Court for the Southern District of Georgia of the federal offenses of armed bank robbery and brandishing a firearm during the commission of a violent crime, the State of Georgia secured an indictment charging Palmer with fifteen violations of Georgia law arising out of the same July 20, 2009 bank robbery. Palmer filed a motion in autrefois acquit, arguing that eight of the state counts, those charging him with armed robbery, aggravated assault, and firearms offenses, are barred under OCGA § 16-1-8 (c), which prohibits prosecution when the accused was formerly prosecuted in federal court for the same conduct. After a hearing, the trial court denied Palmer's motion, and he appeals, contending that the state armed robbery and aggravated assault charges are for the same conduct as the federal armed bank robbery charge and that the state firearms charges are for the same conduct as the federal firearms charge. For the reasons explained below, we affirm.

The United States is constitutionally prohibited from putting any person in jeopardy of life or liberty twice for the same offense; likewise, the State of Georgia is bound by the rule against double

---

jeopardy.[1] These provisions protect a person not only from multiple punishments by a single sovereign for the same offense but also from successive prosecutions by a single sovereign for the same offense.[2] It is well settled, however, that when a person in a single act breaks the law of *two* sovereigns, such as the United States and the State of Georgia, the person has committed two distinct offenses and may be prosecuted and punished by each sovereign for the violation of its law.[3] Under this doctrine of dual sovereignty, successive prosecutions by two separate sovereigns for the same offense do not violate double jeopardy.[4]

Like many states,[5] Georgia law provides a statutory limitation on the dual sovereignty doctrine. OCGA § 16-1-8 (c) provides:

> A prosecution is barred if the accused was formerly prosecuted in a district court of the United States for a crime which is within the concurrent jurisdiction of this state if such former prosecution resulted in either a conviction or an acquittal and the subsequent prosecution is for the same conduct, unless each prosecution requires proof of a fact not

---

[1] U. S. Const., Amend. V; Ga. Const. of 1983, Art. I, Sec. I, Par. XVIII; *Benton v. Maryland*, 395 U. S. 784, 794 (III) (89 SC 2056, 23 LE2d 707) (1969) (The Fifth Amendment guarantee against double jeopardy is enforceable against the states through the Fourteenth Amendment.).

[2] *Sattazahn v. Pennsylvania*, 537 U. S. 101, 106 (II) (A) (123 SC 732, 154 LE2d 588) (2003); *Perkinson v. State*, 273 Ga. 491, 494 (1) (542 SE2d 92) (2001).

[3] *Heath v. Alabama*, 474 U. S. 82, 88 (II) (106 SC 433, 88 LE2d 387) (1985) ("The dual sovereignty doctrine is founded on the common-law conception of crime as an offense against the sovereignty of the government. When a defendant in a single act violates the peace and dignity of two sovereigns by breaking the laws of each, he has committed two distinct offences [sic]. . . . Consequently, when the same act transgresses the laws of two sovereigns, it cannot be truly averred that the offender has been twice punished for the same offence; but only that by one act he has committed two offences, for each of which he is justly punishable.") (citations and punctuation omitted); *United States v. Lanza*, 260 U. S. 377, 382 (43 SC 141, 67 LE 314) (1922) ("[A]n act denounced as a crime by both national and state sovereignties is an offense against the peace and dignity of both and may be punished by each."); *Sullivan v. State*, 279 Ga. 893, 900 (2) (622 SE2d 823) (2005) (Georgia still adheres to the doctrine of dual sovereignty.); *Satterfield v. State*, 256 Ga. 593, 595 (2) (351 SE2d 625) (1987) ("Even if the [federal] crime[ and the state crime] had been identical[,] [the accused] would not have been subjected to double jeopardy by the federal trial and the [subsequent] state trial because of the dual sovereignty doctrine.") (citations omitted).

[4] *Heath v. Alabama*, 474 U. S. at 88 (II).

[5] See Michael Dawson, "Popular Sovereignty, Double Jeopardy, and the Dual Sovereignty Doctrine," 102 Yale L. J. 281, 294, nn. 95-96 (1992) (listing thirteen states that limit state prosecution of offenses arising out of the same conduct previously subject to federal prosecution and seven states that limit reprosecution for the same offense); Kenneth Murchison, "The Dual Sovereignty Exception to Double Jeopardy," 14 N. Y. U. Rev. L. & Soc. Change 383, 414, nn. 200-203 (1986) (noting that 25 states had banned successive prosecutions in various aspects); Carolyn MacWilliam, "Conviction or Acquittal in Federal Court as Bar to Prosecution in State Court for State Offense Based on Same Facts — Modern View," 97 ALR5th 201 (2002).

required in the other prosecution or unless the crime was not consummated when the former trial began.

In applying OCGA § 16-1-8 (c), the "threshold" question is whether the prior federal prosecution was for a crime that was within the concurrent jurisdiction of the State of Georgia. *Sullivan v. State*, 279 Ga. 893, 894 (1) (622 SE2d 823) (2005). Where concurrent jurisdiction is absent, "OCGA § 16-1-8 (c) is inapplicable regardless of any overlap in the accused's conduct that is the subject matter of the two prosecutions." (Citations and footnote omitted.) Id.

In *Sullivan v. State*, the Supreme Court of Georgia explained that the term "concurrent jurisdiction" as used in OCGA § 16-1-8 (c)

unambiguously looks to whether there is an existing Georgia penal provision comparable to the [f]ederal crime over which a state court has jurisdiction. Where an accused can be prosecuted in either [s]tate court or [f]ederal district court indifferently for the same crime, then that crime is within the concurrent jurisdiction of this State. Conversely, no concurrent jurisdiction exists where no Georgia counterpart exists to the [f]ederal crime so that the accused could be prosecuted for that crime only in a [f]ederal district court.

Id. at 895 (1). In *Sullivan v. State*, the defendant, who had been acquitted in federal court of the offense of using interstate commerce facilities in the commission of murder-for-hire,[6] argued that OCGA § 16-1-8 (c) barred a subsequent state prosecution for murder, aggravated assault, and other charges arising out of the death of the same victim. Id. at 893-894. The Supreme Court held that the offense that was the subject of the federal prosecution was not a crime within Georgia's concurrent jurisdiction, and, therefore, that OCGA § 16-1-8 (c) did not apply to bar the state prosecution. Id. at 897-900 (2). The Supreme Court reasoned that, although it is unlawful in Georgia to commit murder, to be a party to murder by hiring or procuring another to commit the crime, to solicit murder, etc., "no such crime exists in Georgia" as "unlawfully us[ing] or caus[ing] another to use a telephone or other communication device to arrange the commission of [a] murder." Id. at 898 (2). And, because "nothing in the Criminal Code of Georgia makes it a crime to use or cause another to use a telephone or other communication facility with the intent to commit or cause the commission of any act constituting murder[,]"

---

[6] See 18 USC § 1958 (formerly 18 USC § 1952A).

the threshold question of concurrent jurisdiction was answered in the negative. Id. at 898, 900 (2). That is, concurrent jurisdiction was lacking because no state offense was statutorily defined to include every essential element of the federal offense.[7]

In this case, Palmer contends that Counts 1 and 2 of the state indictment, charging armed robbery in violation of OCGA § 16-8-41 (a), and Counts 3 and 4 of the state indictment, charging aggravated assault with a deadly weapon in violation of OCGA § 16-5-21 (a) (2), are barred by his acquittal on Count 1 in the federal prosecution, charging armed bank robbery in violation of 18 USC § 2113 (a) and (d). In addition, he contends that Counts 5 and 6 of the state indictment, charging possession of a firearm during the commission of a crime against the person of another, in violation of OCGA § 16-11-106 (b) (1), and Counts 8 and 9 of the state indictment, charging possession of a firearm by a convicted felon in violation of OCGA § 16-11-131 (b), are barred by his acquittal on Count 2 in the federal prosecution, charging the offense of brandishing a firearm during the commission of a crime of violence, in violation of 18 USC § 924 (c) (1) (A) (ii). To make the determination of whether the federal prosecution was for crimes which were within Georgia's concurrent jurisdiction, we examine the statutes that define the arguably equivalent offenses. *Sullivan v. State*, 279 Ga. at 897 (2).

18 USC § 2113 provides, in pertinent part, that "[w]hoever, by force and violence, or by intimidation, takes . . . from the person or presence of another, . . . any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank" and, "in committing . . . [such] offense[,] . . . assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon . . . , shall be fined under [the United States Criminal Code] or imprisoned not more than twenty-five years, or both." Applying the Supreme Court's reasoning in *Sullivan v. State*, we conclude that, although it is unlawful in Georgia to commit armed robbery,[8] no such crime exists in Georgia as taking from the person or the immediate presence of another by use of an offensive weapon any property *belonging to, or in the care, custody, control, management, or*

---

[7] See *Sullivan v. State*, 279 Ga. at 904-905 (4) (Sears, C. J., dissenting) (Under the majority opinion in *Sullivan v. State*, "if this State has a crime that mirrors the federal crime, the accused always will have been prosecuted in federal district court for a crime within this State's concurrent jurisdiction, and the accused's prosecution for the state crime always will be barred. If this State does not have a crime that mirrors the federal crime, the accused always may be prosecuted in Georgia.").

[8] OCGA § 16-8-41 (a) provides, in pertinent part, that "[a] person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon[.]"

*possession of, any bank.* Similarly, although it is unlawful in Georgia to commit aggravated assault with a deadly weapon,[9] no such crime exists in Georgia as to commit an aggravated assault with a deadly weapon and, in doing so, *to take any property belonging to, or in the care, custody, control, management, or possession of, any bank.* Because armed bank robbery in violation of 18 USC § 2113 (a) and (d) includes at least one element that is not included in Georgia's offenses of armed robbery and aggravated assault, armed bank robbery was not a crime within Georgia's concurrent jurisdiction.[10]

Turning to the firearms charges, we conclude that brandishing a firearm during the commission of a crime of violence, in violation of 18 USC § 924 (c) (1) (A) (ii), includes as an element that the accused made the presence of the firearm known to another person in order to intimidate that person, which is *not* an essential element of either OCGA § 16-11-106 (b) (1) or OCGA § 16-11-131 (b).[11] Thus, brandishing a firearm during the commission of a crime of violence was not a crime within Georgia's concurrent jurisdiction.

Because concurrent jurisdiction was lacking, we do not reach the issues of whether the state's prosecution is for the same conduct as

---

[9] OCGA § 16-5-21 (a) (2) provides, in pertinent part, that "[a] person commits the offense of aggravated assault when he or she assaults . . . [w]ith a deadly weapon[.]" See also OCGA § 16-5-20 (a) (2) ("A person commits the offense of simple assault when he or she . . . [c]ommits an act which places another in reasonable apprehension of immediately receiving a violent injury.").

[10] In *Dorsey v. State*, 237 Ga. 876 (230 SE2d 307) (1976), the Supreme Court ruled that the predecessor to OCGA § 16-1-8 (c), Code Ann. § 26-507 (c), barred the defendant's state prosecution on charges of murder, armed robbery, and other offenses after he pled guilty in federal court to charges of unlawfully killing a person while attempting to avoid apprehension, armed robbery, and other offenses in connection with the same bank robbery. *Dorsey v. State* does not compel a different result in this case, however, because, in that case, the Supreme Court only addressed the issue of whether the trial court erred in ruling that the statute impermissibly surrendered the exclusive jurisdiction of the superior courts as defined in the Constitution of Georgia. *Dorsey v. State*, 237 Ga. at 877-878. The Court did not consider the issue of what constitutes concurrent jurisdiction that it later addressed in *Sullivan v. State*.

[11] 18 USC § 924 (c) (1) (A) (ii) provides, in pertinent part, that
> any person who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence[,] . . . if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years[.]

See 18 USC § 924 (c) (4) ("[T]he term 'brandish' means, with respect to a firearm, to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person[.]"). OCGA § 16-11-106 (b) (1) provides, in pertinent part, that "[a]ny person who shall have on or within arm's reach of his or her person a firearm or a knife having a blade of three or more inches in length during the commission of . . . [a]ny crime against or involving the person of another[,] . . . and which crime is a felony, commits a felony[.]" OCGA § 16-11-131 (b) provides, in pertinent part, that "[a]ny person . . . who has been convicted of a felony by a court of this state . . . and who . . . possesses . . . any firearm commits a felony[.]"

the federal prosecution and whether each prosecution requires proof of a fact not required in the other prosecution.[12] There was no error. *Sullivan v. State*, 279 Ga. at 900 (2).

*Judgment affirmed. Phipps, P. J., and Dillard, J., concur.*

DECIDED APRIL 5, 2012.

*Earle J. Duncan III*, for appellant.

*Tom Durden, District Attorney, Gregory M. McConnell, Assistant District Attorney*, for appellee.

---

[12] When the threshold question of concurrent jurisdiction posed by OCGA § 16-1-8 (c) is answered in the negative, it is "irrelevant how [the] [f]ederal and [s]tate prosecutions of [the accused] would fare under the analysis set forth in the rest of the statute." *Sullivan v. State*, 279 Ga. at 900 (2).

It is only where concurrent jurisdiction exists [under OCGA § 16-1-8 (c)] that the courts must then turn to the next step in the statutory analysis, namely, whether the [f]ederal prosecution resulted in a conviction or an acquittal and, if it did so, whether the [s]tate's prosecution was for the same conduct. As plainly expressed by the language in OCGA § 16-1-8 (c), the accused's conduct comes into issue if, and only if, the former [f]ederal prosecution was for a crime within this [s]tate's concurrent jurisdiction. Should the court determine that the [s]tate's prosecution was for the same conduct, subsection (c) would bar the prosecution unless "each prosecution require[d] proof of a fact not required in the other prosecution" or unless the crime "was not consummated when the former trial began."

(Citation omitted.) Id. at 894 (1), n. 2.