73544. BROWN v. THE STATE.
(354 SE2d 3)

BIRDSONG, Chief Judge.

Steven Earl Brown brings this appeal to the denial of his plea in bar based upon statutory double jeopardy. The facts giving rise to this appeal show that Brown together with other named individuals

entered into a criminal conspiracy within the jurisdiction of the Federal District Court of the Middle District of Florida to import a controlled substance into a customs territory of the United States, in violation of 21 USC § 963. Subsequently he along with some of the same individuals with whom he conspired to import the controlled substance (cocaine) was arrested in Baker County, Georgia, in possession of several duffel bags of cocaine. Brown was indicted for trafficking in cocaine by knowingly and actually possessing more than 400 grams of cocaine in violation of OCGA § 16-13-31.

Eventually Brown was tried and convicted in the middle district of Florida for the conspiracy to import a controlled substance into a customs territory of the United States and sentenced to ten years. After that conviction the State of Georgia brought Brown to trial on the indictment charging the trafficking offense of knowingly and actually possessing more than 400 grams of cocaine. Brown entered a motion to dismiss the charge urging as a plea in bar the statutory double jeopardy protection afforded by OCGA § 16-1-8 (c). This motion to dismiss was denied by the trial court. This appeal followed. *Held*:

As pertinent to our consideration, OCGA § 16-1-8 (c) provides that a prosecution is barred if the accused has been prosecuted in a federal district court for a crime which is within the concurrent jurisdiction of Georgia if that federal conviction is for the same conduct for which the state prosecution seeks to punish, unless the cumulative prosecutions each require proof of a different fact and not required in proof of each crime, respectively.

Even a superficial analysis of the crime charged in the federal court in Florida reflects the different nature of that crime from the one charged as a violation of the Georgia statute. In Florida, Brown was charged with conspiring to import a controlled substance into a customs territory of the United States. In the Georgia crime, he was charged with knowingly and actually possessing more than 400 grams of cocaine. Not only are the allegations different, the gravamen of the two crimes are different. One deals with illegal importation and the other with controlled substance trafficking. It hardly needs statement that proof of a criminal agreement to import has no direct or necessary connection to proof of knowing and actual possession of the substance eventually imported. The prosecution of the federal crime of importation thus requires proof of a fact not required in the prosecution for the possession offense and vice versa, and is therefore not a bar to the subsequent state prosecution. See *Morgan v. State*, 168 Ga. App. 310, 312 (308 SE2d 583).

Brown furthers his argument by contending that the double jeopardy provisions of OCGA § 16-1-8 (c) must be construed in harmony with the additional provisions of OCGA §§ 16-1-6 and 16-1-7. *Stone v. State*, 166 Ga. App. 245 (304 SE2d 94). Thus, he argues that the

conspiracy charge in Florida was to import cocaine into Georgia and the crime in Georgia was the direct result of the importation of the cocaine. He thus contends that conspiracy to import cocaine is a lesser included offense to the importation of that cocaine and that proof of the importation of cocaine into Georgia caused the Florida conspiracy to import the cocaine to merge with the greater, substantive offense of importation of that cocaine into Georgia. Citing *Dutton v. State*, 228 Ga. 850 (188 SE2d 794, 797) inter alia, Brown earnestly contends that the legislative intent to make conspiracy itself a separate crime is carried out only in cases where the crime which is the object of the conspiracy has not in fact or law been committed, i.e., where the conspiracy has been "nipped in the bud." The logic advanced by Brown is irrefutable if one accepts his premise. That we are not willing to do.

The crime charged in Florida was the conspiracy to import cocaine into a customs district of the United States. The substantive crime which would be the object of that conspiracy logically is the actual consummated importation of cocaine into the United States. The substantive crime charged in Georgia was the actual and knowing possession of more than 400 grams of cocaine. A conspiracy to commit that crime would involve a criminal agreement to possess more than 400 grams of cocaine. Manifestly a criminal agreement to import cocaine is not the same as a criminal agreement to actually and knowingly possess more than 400 grams of cocaine. Thus we are constrained to conclude that the conspiracy charge and conviction in Florida was not a lesser included offense to the crime charged in Georgia. The two crimes, whether the criminal agreement or the object of the agreement, are wholly different crimes. Therefore, the conviction in Florida is no bar to the planned trial of trafficking in Georgia. *Raftis v. State*, 175 Ga. App. 893, 895 (2) (334 SE2d 857).

While it is true that OCGA § 16-13-31 proscribes the sale, manufacture, delivery or *bringing into Georgia* of a controlled substance, manifestly this language seeks to reach the procuring dealer. The statute also and alternatively proscribes the activities of the one who possesses a large quantity of a controlled substance regardless of how possession was obtained and infers that the mere possession of such a large quantity by an individual or individuals is with the intent to distribute or traffic. The first category requires no inference of trafficking for the activity of those in the first category manifests the criminal intent to traffic for profit. The alternative category manifests no intent to traffic but the intent is statutorily inferred. We are not faced in this case with a potentially troubling allegation that Brown brought more than 400 grams of cocaine into this state for purposes of resale but with the fact that he possessed more than 400 grams and the nature of his procurement is immaterial. We find no error in the

denial of the plea in bar based upon statutory double jeopardy.
*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED JANUARY 29, 1987 —
REHEARING DENIED FEBRUARY 17, 1987.

*Edward T. M. Garland, Janice A. Singer,* for appellant.
*J. Brown Moseley, District Attorney,* for appellee.