S92A0414. HULETT v. THE STATE.

(415 SE2d 642)

BENHAM, Justice.

Appellant was convicted of the murder of James W. Stewart. He now appeals, contending that the evidence was insufficient to support the guilty verdict and the judgment entered thereon, and that the trial court erred when it admitted certain evidence and when it failed

to give a requested charge on alibi.[1]

1. The State presented evidence that the victim was killed by a single shot to the head between 3:48 a.m. and 9:48 a.m. on June 5; that appellant had been with the victim the evening of June 4; that paint matching that of appellant's truck was found on a tree limb where the body was found; that blood found on the passenger door of appellant's truck matched that of the victim; that appellant had a handgun in his truck the night Stewart was shot, asked others for ammunition for the gun, and fired shots at an occupied car in the early morning hours of June 5; and that appellant, at a time when authorities believed the victim had been shot in the back of the head (prior to the autopsist's determination that the wound to the back of the head was the exit wound), had told another that he had shot the victim between the eyes. The evidence was sufficient to authorize a rational trier of fact that appellant had murdered the victim. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Pretermitting the question whether a defendant must present evidence of alibi in order to obtain a jury instruction on alibi,[2] we determine that the trial court did not err in refusing to give the requested charge in the case at bar.

> " 'It is well settled that where the evidence in support of the defense of alibi does not show the impossibility of the defendant's presence at the scene of the crime at the time of its commission, the failure of the court to charge the law of alibi . . . is not error. [Cits.]' " [*Plemons v. State,* 155 Ga. App. 447 (10) (270 SE2d 836) (1980).]

In light of the autopsist's testimony that the victim was killed between 3:48 a.m. and 9:48 a.m., evidence that appellant was with someone other than the victim until 6:45 a.m. did not entitle appellant to a charge on alibi since the evidence relied upon did not reasonably exclude appellant's presence for the entire time period during which the death could have occurred.

3. The admission into evidence, over appellant's relevancy objec-

---

[1] The crime occurred on June 5, 1988, and appellant was arrested on June 7; indicted on June 20; tried on October 3-5; and sentenced to life imprisonment on October 5. His motion for new trial, filed on November 4, was ruled abandoned. Pursuant to an order entered in appellant's petition for habeas corpus relief, appellant was granted leave to file an out-of-time appeal on July 9, 1991. Appellant's motion for new trial, filed August 8, 1991, and amended October 7, was denied on November 1, and a notice of appeal was filed on November 27. The appeal was docketed on January 6, 1992, and submitted for decision on February 18, 1992.

[2] See *James v. State,* 162 Ga. App. 490 (2) (292 SE2d 91) (1982), where it was held that a charge on alibi is not required "unless the defendant offers evidence of impossibility of his presence at the scene at the time of commission of the offense charged. . . ."

tion, of bullets found in appellant's truck was not reversible error. Where the victim was killed by an unspecified handgun,[3] the bullets found in appellant's truck logically tended to prove that appellant had ammunition for the handgun he had in his truck the evening before the murder and which he fired in the early morning hours of the day of the murder at an occupied car. The trial court did not abuse the wide discretion it has in determining the relevancy and materiality of tendered evidence. *Owens v. State*, 248 Ga. 629, 630 (284 SE2d 408) (1981).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 30, 1992.

*Ellis & Hobby, Rickey F. Ellis, Jr.,* for appellant.

*John C. Pridgen, District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, C. A. Benjamin Woolf, Staff Attorney,* for appellee.

---

[3] The murder weapon was never found and the bullet fragments retrieved from the murder victim and the occupied car at which appellant shot that same morning were too damaged to determine from what calibre weapon they had been fired.