## A94A0398. POSTELL v. THE STATE.
(443 SE2d 530)

McMurray, Presiding Judge.

Defendant and co-defendant Curtis Hunnicutt were jointly indicted for possession of cocaine with intent to distribute. Co-defendant Hunnicutt entered a plea of guilty to the crime charged and testified at a jury trial that defendant used his apartment on March 13, 1992, to sell drugs.

At trial, Sergeant Woodrow W. Tripp of the City of Atlanta Police Department testified that he received information from a confidential informant that illegal drugs were being sold from an apartment building in the City of Atlanta and that he and other law enforcement officers began a surveillance of the apartment building at about 2:50 in the morning on March 13, 1992. Sergeant Tripp testified that during the surveillance he observed a man enter a well-lighted flat in the apartment building; that he peeked into the flat through a window and observed defendant and co-defendant Hunnicutt exchange money with the man who entered the apartment for an object which Sergeant Tripp suspected to be narcotics. Sergeant Tripp testified that he observed the suspected drug buyer leave the flat immediately after the suspected drug transaction; that he then watched defendant and co-defendant Hunnicutt execute two similar drug transactions and that he and other law enforcement officers raided the apartment and seized several plastic containers "on [a] table in plain view . . ." which were identified at trial as containing cocaine. Officers E. W. Irish, J. D. Stephens, G. Ramsey and Patrick James Girvan of the City of Atlanta Police Department testified that they participated in the raid which led to defendant's arrest and substantially corroborated Sergeant Tripp's testimony.

The jury found defendant guilty of possession of cocaine with intent to distribute. This appeal followed the denial of defendant's motion for new trial. *Held*:

In two enumerations, defendant contends his trial attorney was ineffective because she did not adequately prepare for trial and because she failed to associate an experienced criminal defense lawyer to compensate for her inexperience in defending major felony cases.

Defendant argues that defense counsel's inexperience resulted in improper argument and inadmissible evidence at trial and a strategy which placed defendant's prior conviction for aggravated assault of a police officer into evidence.[1]

"In order to show ineffective assistance of counsel, [defendant] must show that counsel's actions fell below an objective standard of reasonableness and that, but for the alleged ineffective act, there is a reasonable probability that the result of the proceeding would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Jowers v. State*, 260 Ga. 459 (396 SE2d 891) (1990). '(B)oth the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact.' *Strickland*, 466 U. S. at 698.

"Although the Supreme Court in *Strickland* discussed the performance component prior to the prejudice component, it acknowledged that a court addressing the ineffective assistance issue is not required to approach the inquiry in that order or even to address both components if the defendant has made an insufficient showing on one. 'In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness

---

[1] Defendant argues that his trial attorney ineffectively failed to produce evidence supporting her opening statement "that testimony would show the police officers could not have seen inside the apartment [where defendant was purportedly seen engaging in criminal activity], because their view through a window was blocked by blinds and a blanket." Defendant argues that his trial attorney deficiently decided to introduce evidence of defendant's prior conviction for aggravated assault of a police officer (by shooting) in support of a theory that Sergeant Tripp testified falsely against defendant because the victim of defendant's aggravated assault of a police officer was the sergeant's law enforcement partner. Defendant then points out that his trial attorney failed to object when State's witnesses testified that defendant's "street name was 'Money' [and that defendant] was a member of the 'Miami Boys' criminal drug organization[,]" when a law enforcement officer affirmed that he "followed [defendant's] career since prior to 1988" and when the State's attorney portrayed defendant during closing argument "as a Miami boy drug dealer who shot at police officers." Defendant then argues that his trial attorney was ineffective because she did not "understand the elements of the offense [defendant] was charged with, as evidenced by her motion to dismiss and motion for directed verdict, both based upon the trafficking statute." Defendant alleges that "trial counsel failed to properly question prior to trial the sole defense witness, Jacqueline Shorter, who had been arrested for possession of cocaine stemming from the same incident [and points out that] Ms. Shorter testified on cross-examination that she had seen [defendant] in the area on several occasions selling drugs." Defendant also points out that defense counsel failed to request a charge on the lesser included offense of simple possession of cocaine and that such a charge was given only "at the suggestion of the assistant district attorney."

claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.' *Strickland*, 466 U. S. at 697." (Footnote omitted.) *Lajara v. State*, 263 Ga. 438, 440 (3) (435 SE2d 600).

In the case sub judice, we direct our inquiry to the prejudice component of the test announced in *Strickland v. Washington*, 466 U. S. 668, supra, and adopted by the Supreme Court of Georgia in *Smith v. Francis*, 253 Ga. 782 (325 SE2d 362), and find that defendant has failed to " 'show that there is a reasonable probability (i.e., a probability sufficient to undermine confidence in the outcome) that, but for counsel's [alleged] unprofessional errors, the result of the proceeding would have been different. [*Strickland v. Washington*, 466 U. S. 668, supra.]' *Smith v. Francis*, 253 Ga. 782, 783 (1) (325 SE2d 362) (1985)." *Jowers v. State*, 260 Ga. 459, 461 (2), 462 (396 SE2d 891). In fact, the evidence of defendant's guilt of the crime charged in the case sub judice is so overwhelming that it is highly unlikely that even the most seasoned criminal defense lawyer could have altered the jury's finding that defendant is guilty, beyond a reasonable doubt, of possession of cocaine with intent to distribute. See *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869). Consequently, the trial court did not err in denying defendant's motion for new trial based on his claim of ineffective assistance of trial counsel.

*Judgment affirmed. Pope, C. J., and Smith, J., concur.*

DECIDED APRIL 11, 1994.

*Richard A. Grossman*, for appellant.
*Lewis R. Slaton, District Attorney, Carole E. Wall, Assistant District Attorney*, for appellee.