A96A1162. EMERSON v. THE STATE.
(474 SE2d 638)

Judge Harold R. Banke.
John Alan Emerson was indicted on a charge of aggravated assault, but convicted on the lesser offense of misdemeanor battery. He enumerates five errors, most of which challenge the jury instructions trial counsel requested or failed to request.

The State's evidence at trial revealed that this case arose after the victim, Emerson's supervisor at Delta Airlines, instructed Emerson to leave the break area and get back to work. Another employee informed the victim that after receiving this instruction Emerson had thrown his coffee all over the break area. The victim then located Emerson, instructed him to clean up the mess, and went into an office to use the telephone. Emerson walked into the office, admitted that he was about to "lose it," and struck the victim in the head with a crowbar. The resulting laceration required 14 staples. The victim then struggled with Emerson, who had raised the crowbar to strike again. The victim subsequently filed a civil suit against Emerson. *Held*:

1. The trial court did not commit reversible error by instructing the jury on battery because Emerson's counsel requested the charge. Such self-induced error cannot be complained of on appeal. *Griffith v. State*, 188 Ga. App. 789, 790 (374 SE2d 359) (1988). Therefore, we need not reach Emerson's arguments that the conviction violated his due process rights.

2. We reject Emerson's contention that his counsel was ineffective for (a) requesting the charge on battery; (b) failing to request a charge on self-defense; and (c) failing to request a charge on accident. To establish ineffectiveness, a defendant must prove that his trial

counsel's performance was deficient and the deficiency prejudiced his defense to the extent that there was a reasonable probability the result of the trial would have been different but for defense counsel's unprofessional deficiencies. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Brown v. State*, 257 Ga. 277, 278 (2) (357 SE2d 590) (1987). Review of counsel's performance, however, must be highly deferential. *Rogers v. State*, 195 Ga. App. 446, 448 (2) (394 SE2d 116) (1990). Tactical errors do not constitute ineffective assistance. *Keanum v. State*, 212 Ga. App. 662, 664 (3) (442 SE2d 790) (1994). Moreover, we need not inquire into counsel's alleged deficiency, absent a showing of prejudice. *Trammel v. State*, 265 Ga. 156 (1) (454 SE2d 501) (1995).

(a) Emerson failed to make the requisite showing of prejudice with regard to his assertion that counsel was ineffective for requesting the battery charge. The evidence against Emerson was overwhelming. In addition to the victim's testimony, other corroborating witnesses saw Emerson argue with the victim, throw the coffee, retrieve his crowbar from his tool chest, follow the victim with crowbar in hand, raise the crowbar, and swing it. They also testified to breaking up the ensuing struggle. But for counsel's request for the battery charge, given the overwhelming evidence of guilt, it is highly likely that Emerson would have been convicted of aggravated assault. See *Postell v. State*, 212 Ga. App. 868, 870 (443 SE2d 530) (1994). Because Emerson failed to demonstrate that he was prejudiced by what was undoubtedly a tactical decision, the trial court did not clearly err in finding that Emerson's counsel was not ineffective. *Powell v. State*, 210 Ga. App. 409, 414 (6) (c) (437 SE2d 598) (1993).

(b) Emerson's counsel was not ineffective for failing to request a charge on self-defense because the evidence did not support that charge. Emerson's counsel testified that before trial Emerson denied ever striking the victim with the crowbar, a statement in keeping with Emerson's trial testimony. Because such testimony was inconsistent with the theory that Emerson struck the victim with the crowbar in self-defense, the decision not to request that charge was appropriate. *Peterson v. State*, 212 Ga. App. 147, 152 (4) (441 SE2d 481) (1994).

(c) This same reasoning applies to Emerson's claim of ineffectiveness for failing to request an accident charge. Emerson's denial that he struck the victim with the crowbar at all foreclosed a claim that he struck the victim by accident. See id.

*Judgment affirmed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED AUGUST 5, 1996 —
RECONSIDERATION DENIED AUGUST 23, 1996 —

*Michael B. King*, for appellant.
*Robert E. Keller, District Attorney, Lisa S. Estes, Assistant District Attorney*, for appellee.