## A96A2419. SMITH v. THE STATE.
(481 SE2d 896)

BLACKBURN, Judge.

Gretta Smith appeals her conviction of theft by taking. While employed as a cashier by Friendly Gus Food Stores, Smith repeatedly manipulated the cash register to void certain transactions which had actually taken place, and then stole the money from those transactions. By this method, Smith stole $15,614.22. She argues that the

trial court erred in failing to charge the defense of alibi, and claims she received ineffective assistance of counsel.

1. During the charge conference, in response to a direct question by the judge, Smith's counsel stated that he was not asserting an alibi defense, and that he did not want a charge on alibi. He further stated that Smith's defense was that of equal access — that other individuals had as much access to the cash register as Smith, and that one or more of these individuals could have committed the theft. Accordingly, no alibi charge was given. In light of these circumstances, the trial court did not err in failing to charge the defense of alibi.

Additionally, the evidence presented at trial did not support a charge of alibi. The uncontroverted evidence showed that Smith was present each time money was stolen from the convenience store. "It is well settled that where the evidence in support of the defense of alibi does not show the impossibility of the defendant's presence at the scene of the crime at the time of its commission, the failure of the court to charge the law of alibi is not error." (Citations and punctuation omitted.) *Hulett v. State*, 262 Ga. 194, 195 (2) (415 SE2d 642) (1992). Smith's arguments on this issue are therefore without merit.

2. Smith maintains that she received ineffective assistance of counsel because her trial counsel failed to strike two jurors who knew the owner of the Friendly Gus Food Stores. She also claims her trial counsel was ineffective because he did not disclose to her that he had represented Friendly Gus in the past.

To establish a claim of ineffective assistance of counsel, "a defendant must prove that his trial counsel's performance was deficient and the deficiency prejudiced his defense to the extent that there was a reasonable probability the result of the trial would have been different but for defense counsel's unprofessional deficiencies. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984)." *Emerson v. State*, 222 Ga. App. 596, 597 (2) (474 SE2d 638) (1996). Unless clearly erroneous, a trial court's finding that a defendant received effective assistance of counsel will be upheld on appeal. See *Foreman v. State*, 200 Ga. App. 400, 401 (3) (408 SE2d 178) (1991).

With respect to her ineffectiveness claim based upon her trial counsel's failure to strike two jurors who knew the owner of the Friendly Gus Food Stores, Smith's appellate counsel did not call her trial counsel to testify at the hearing on her motion for new trial. "The defendant must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct. [Smith] did not subpoena [her] trial counsel to appear at the hearing on [her] motion for new trial. Thus, [Smith] made no affirmative showing that the purported deficiencies in [her] trial counsel's

representation were indicative of ineffectiveness and were not examples of a conscious and deliberate trial strategy. . . . The burden is on the party alleging error to show it affirmatively by the record, and when [she] does not do so, the judgment is assumed to be correct and must be affirmed." (Citations and punctuation omitted.) *Foreman*, supra at 401 (3). Smith has failed to show by the record that her trial counsel's decision regarding the selection of these two jurors amounted to ineffective assistance of counsel under *Strickland*, supra, and the trial court's finding of effectiveness is not clearly erroneous.

Smith's ineffectiveness claim based upon her trial counsel's alleged failure to disclose to her that he had represented Friendly Gus in the past is likewise without merit. At the hearing on the motion for new trial, the owner of Friendly Gus denied that Smith's trial counsel had ever represented him or the corporation in the past, with the possible exception of a title search. With Smith's trial counsel not present to testify, her appellate counsel told the court he was certain Smith's trial counsel had represented Friendly Gus in the past. The court granted counsel seven days to supplement the record with evidence to this effect, but no such evidence was ever submitted. Because Smith failed to present any evidence that a conflict of interest existed, her claim for ineffective assistance of counsel on this ground fails, and the trial court committed no error on this issue.

3. Smith's brief references two additional enumerations of error, though neither error is identified or supported by argument and citation of authority. "Matters not enumerated as error will not be considered on appeal." (Citation and punctuation omitted.) *Norman v. State*, 197 Ga. App. 333, 336 (4) (398 SE2d 395) (1990).

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 25, 1997.

*Harold D. McLendon*, for appellant.
*Ralph M. Walke, District Attorney, Louie C. Fraser, Assistant District Attorney*, for appellee.