## S98A1249. TORRES v. THE STATE.
### (508 SE2d 171)

CARLEY, Justice.

After allegedly robbing the victim of her van, cash and jewelry Jorge Ivan Torres and a co-defendant, David Cordova, kidnapped and later killed her. Based upon these events, they were indicted by a federal grand jury for carjacking, and Torres entered a plea of guilty. Torres and Cordova also were indicted on state charges of felony murder, armed robbery, and kidnapping with bodily injury. The State is seeking the death penalty. A third co-defendant, Jose Vaca, allegedly supplied the pistol used in the crimes, and he was charged with felony murder and armed robbery. In this case, Torres brings a pre-trial direct appeal from the overruling of his plea of former jeopardy and from the denial of his motion for a judgment of acquittal by reason of the denial of his constitutional right to a speedy trial. See *Hubbard v. State*, 254 Ga. 694 (333 SE2d 827) (1985); *Patterson v. State*, 248 Ga. 875 (287 SE2d 7) (1982).

1. Torres' plea of former jeopardy is based on OCGA § 16-1-8 (c), which provides as follows:

A prosecution is barred if the accused was formerly prosecuted in a district court of the United States for a crime which is within the concurrent jurisdiction of this state if such former prosecution resulted in either a conviction or an acquittal and the subsequent prosecution is for the same conduct, unless each prosecution requires proof of a fact not required in the other prosecution or unless the crime was not consummated when the former trial began.

One of the elements of the federal offense of carjacking is the taking of a motor vehicle which has been transported in interstate commerce. 18 U.S.C. § 2119. The State will not have to prove this element to obtain a conviction of any of the state offenses with which Torres is charged. Conversely, each state offense requires proof of facts not required to prove the federal carjacking offense. Felony murder requires proof of the death of the victim. The armed robbery requires proof of the taking of the victim's money and jewelry. The kidnapping requires proof of the asportation of the victim. Because the facts necessary to prove the federal charge of carjacking are clearly different from the facts necessary to prove the state charges, the federal prosecution is not a bar to the state prosecution. *Satterfield v. State*, 256 Ga. 593, 595 (2) (351 SE2d 625) (1987); *Brown v. State*, 181 Ga. App. 795, 796 (354 SE2d 3) (1987).

2. Because of the 28-month delay between Torres' arrest and his motion for acquittal, the factors to be weighed are: the reason for the delay; Torres' assertion of his constitutional right to a speedy trial; and the prejudice to him. *Johnson v. State*, 268 Ga. 416, 417 (2) (490 SE2d 91) (1997); *Brown v. State*, 264 Ga. 803, 805 (2) (450 SE2d 821) (1994); *Boseman v. State*, 263 Ga. 730, 732 (1) (a) (438 SE2d 626) (1994). The trial court found that the delay was attributable to the quashing of the first indictment at the joint request of Torres and his co-defendants, and the ensuing revision of the method of grand jury selection to ensure a fair and impartial grand jury. This reason for the delay weighs against Torres' contention that his constitutional right was violated. *High v. Zant*, 250 Ga. 693, 697 (8) (300 SE2d 654) (1983). See also *Wilson v. State*, 181 Ga. App. 337, 338 (1) (352 SE2d 189) (1986) (involving a statutory speedy trial provision). Although Torres did file a speedy trial demand, it was based on state statutory grounds rather than the constitutional ground raised in this appeal and asserted for the first time in his motion for acquittal. Thus, Torres' assertion of his right to speedy trial weighs only slightly against the State. *Redd v. State*, 261 Ga. 300, 302 (404 SE2d 264) (1991). The only prejudice asserted is the inability to interview a witness who has stated that Torres admitted shooting the victim. Generally, in order for a defendant to carry his burden of showing prejudice

due to the unavailability of a witness, he must show that the missing witness could supply material evidence for the defense. *United States v. Richards*, 707 F2d 995, 998 (II) (8th Cir. 1983). See also *Redd v. State*, supra at 302. " 'A missing witness whose testimony cannot help a defendant constitutes a flimsy basis on which to claim prejudice.' [Cit.]" *United States v. Richards*, supra at 998 (II). Moreover, the record does not support Torres' claim that the witness is or will be unavailable. Accordingly, we find that the trial court correctly balanced the relevant factors and did not abuse its discretion in denying Torres' motion for judgment of acquittal by reason of the denial of his constitutional right to a speedy trial. *Brown v. State*, 264 Ga., supra at 805 (2); *Redd v. State*, supra at 302.

*Judgments affirmed. All the Justices concur.*

DECIDED OCTOBER 26, 1998.

*Neil Heimanson, Adam S. Poppell III,* for appellant.

*Dupont K. Cheney, District Attorney, J. Thomas Durden, Assistant District Attorney, Thurbert E. Baker, Attorney General,* for appellee.