## A98A1814. McALISTER v. THE STATE.
### (512 SE2d 53)

McMURRAY, Presiding Judge.

Defendant filed this appeal after entry of the judgment of his conviction and sentence for trafficking in cocaine.[1] Defendant challenges the denial of his motion to suppress, the denial of his motion to dismiss and plea of former jeopardy and the denial of a direct appeal from the order denying his motion to dismiss and plea of former jeopardy.

United States Secret Service agents conducted a warranted search of defendant's home under an affidavit indicating that defendant was involved in counterfeiting U. S. currency. The search revealed that defendant was in possession of counterfeit U. S. currency, 42.5 grams of a substance which was 76 percent cocaine, marijuana and drug paraphernalia ("a drug pipe, a substance called inositol, some marijuana in bags, some straws, a sifter, a spoon covered with some suspected cocaine [and] an electronic scale"). Defendant later pleaded guilty to two counts of counterfeiting U. S. currency in the United States District Court for the Northern District of Georgia and agreed to be tried before the Superior Court of DeKalb County, Georgia, under a stipulation of facts and evidence adduced during an earlier motion to suppress hearing. *Held*:

1. Defendant's plea of former jeopardy is based on OCGA § 16-1-8 (c). This Code subsection provides "that a prosecution is barred if the accused has been prosecuted in a federal district court for a crime which is within the concurrent jurisdiction of Georgia if that federal conviction is for the same conduct for which the state prosecution seeks to punish, unless the cumulative prosecutions each require proof of a different fact and not required in proof of each crime, respectively." *Brown v. State*, 181 Ga. App. 795, 796 (354 SE2d 3).

Defendant's federal convictions required proof that defendant

---

[1] Defendant was indicted in the Superior Court of DeKalb County, Georgia for trafficking in cocaine (Count 1) and possession of cocaine with intent to distribute (Count 2). The trial court merged these offenses and sentenced defendant under Count 1 of the indictment.

counterfeited U. S. currency. This proof would not have been required to authorize defendant's convictions for the offenses that were originally charged in the case sub judice — trafficking in cocaine (Count 1) and possession of cocaine with intent to distribute (Count 2). Because the facts necessary to prove the federal counterfeiting charges were different from the facts necessary to prove the charges for which defendant was tried in the case sub judice, defendant's "federal prosecution is not a bar to [his] state prosecution. *Satterfield v. State*, 256 Ga. 593, 595 (2) (351 SE2d 625) (1987); *Brown v. State*, 181 Ga. App. 795, 796[, supra]." *Torres v. State*, 270 Ga. 79 (1) (508 SE2d 171). The trial court did not err in denying defendant's motion to dismiss and plea of former jeopardy.

2. The trial court found that defendant's motion to dismiss and plea of former jeopardy were frivolous and pursued for purposes of delay because these filings were untimely under the trial court's local rules, were asserted without the trial court's permission and were filed after the trial court granted defendant several continuances of his trial. These findings authorize the trial court's order denying defendant a direct appeal from the denial of his motion to dismiss and plea of former jeopardy. *Rielli v. Oliver*, 170 Ga. App. 699 (318 SE2d 173). Contrary to defendant's third enumeration of error, the trial court had jurisdiction in the case sub judice to try defendant for the charged offenses after defendant filed notices of appeal from the denial of his motion to dismiss and plea of former jeopardy. See *Strickland v. State*, 258 Ga. 764, 765 (1) (373 SE2d 736).

3. Defendant contends the trial court erred in denying his motion to suppress, arguing that the affidavit supporting the warranted search of his home does not establish probable cause for issuance of a search warrant. We do not agree.

"In deciding whether an affidavit established probable cause necessary for issuance of a search warrant, it is well settled that we must apply the 'totality of the circumstances analysis (utilized) in *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983).' *State v. Davis*, 217 Ga. App. 225 (457 SE2d 194) (1995), aff'd, *Davis v. State*, 266 Ga. 212 (465 SE2d 438) (1996). 'Under that analysis, the task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed.' (Citations and punctuation omitted.) 217 Ga. App. at 225-226." *Dearing v. State*, 233 Ga. App. 630, 631 (505 SE2d 485).

In the case sub judice, a United States magistrate judge issued a

search warrant for defendant's home based on a twenty-six-paragraph affidavit outlining an ongoing (over two months) undercover operation which resulted in the arrest of Kennedy Uzomba for selling counterfeit U. S. currency to an undercover confidential informant ("the informant"). This affidavit describes Uzomba's statement to the informant during the undercover operation that he had a "source" for counterfeit money and conveys that Uzomba called the informant from a telephone at defendant's house (just before an arranged undercover purchase of counterfeit currency) and affirmed to the informant that he was then in the process of picking up counterfeit currency for the arranged undercover transaction. The affidavit describes that Uzomba informed law enforcement agents immediately after he was arrested that defendant was his "source" for counterfeit money and that he had been at defendant's house the day he telephoned the informant about retrieving counterfeit currency for the arranged undercover transaction. The affidavit concludes by conveying how Uzomba directed law enforcement agents to defendant's house. We find that this information authorized a substantial basis for concluding that probable cause existed for a search of defendant's home. The trial court therefore did not err in affirming the issuing magistrate's finding that there was a fair probability that contraband would be found at defendant's home.

The trial court did not err in denying defendant's motion to suppress.

*Judgment affirmed. Eldridge, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED FEBRUARY 8, 1999 —
RECONSIDERATION DENIED FEBRUARY 23, 1999 — 

*Lawson & Thornton, Charles S. Thornton, Alton Hornsby III*, for appellant.

*J. Tom Morgan, District Attorney, Priscilla E. N. Carroll, Barbara B. Conroy, Assistant District Attorneys*, for appellee.