## A00A1520. MOSER v. THE STATE.
### (538 SE2d 904)

MILLER, Judge.

The grand jurors for Bartow County, Georgia, charged Eric Joshua Moser and one other with possession of more than one ounce of marijuana (Count 1), possession of marijuana with intent to distribute (Count 2), possession of methamphetamine (Count 3), possession of methamphetamine with intent to distribute (Count 4), trafficking in more than 28 ounces of methamphetamine (Count 5), and possession of devices to commit a crime, namely a set of electronic scales and a box of plastic baggies, commonly used in the retailing of controlled substances (Count 6). All crimes allegedly occurred on or about November 3, 1996.

Moser filed a plea of double jeopardy based upon his prior guilty plea and conviction in the U. S. District Court for the Northern District of Georgia, Rome Division, where Moser admitted the allegations in Count 1 of a federal indictment charging him and several others with conspiracy to "possess with intent to distribute methamphetamine," from dates unknown to the grand jury but including at least from January 1, 1996 through December 18, 1997. In consideration for his cooperation, a separate count charging Moser with possession with intent to distribute methamphetamine on November 3, 1996, was dismissed.

The superior court concluded (without specification) that the "offenses charged in the Bartow County indictment require different elements of proof than the offenses charged in the federal indictment," and denied Moser's plea of double jeopardy. This direct appeal followed.[1]

1. Moser contends that the procedural and substantive aspects of double jeopardy under the U. S. Constitution and the Georgia Consti-

---

[1] See *Patterson v. State*, 248 Ga. 875 (287 SE2d 7) (1982).

tution preclude any State charges (or at least any methamphetamine charges) being brought against him based on his acts of November 3, 1996. Yet even if the crimes were identical under the Georgia and federal criminal codes, Moser would not have been impermissibly subjected to double jeopardy by these State charges because of the "dual sovereignty" doctrine.[2] Under the "dual sovereignty" doctrine, " 'an act denounced as a crime by both national and state sovereignties is an offense against the peace and dignity of both and may be punished by each.' "[3] The first two enumerations are without merit.

2. Moser next contends any State prosecution of the November 3, 1996 methamphetamine charges alleged in Counts 3, 4, and 5 is barred by the provisions of OCGA § 16-1-8 (c), which provides:

> A prosecution is barred if the accused was formerly prosecuted in a district court of the United States for a crime . . . within the concurrent jurisdiction of this [S]tate if such former prosecution resulted in either a conviction or an acquittal and the subsequent prosecution is for the same conduct, *unless* each prosecution requires proof of a fact not required in the other prosecution. . . .

(Emphasis supplied.) Although this Code section provides greater protection than the minimum constitutional standards,[4] we conclude this enumeration is without merit.

Under 21 USC § 841 (a) (1), it is a federal crime to manufacture, distribute, or dispense, or to possess with intent to manufacture, distribute, or dispense, a controlled substance such as methamphetamine. This is virtually identical to OCGA § 16-13-30 (b).[5] It is a further federal offense to attempt or to conspire to commit any offense proscribed by 21 USC § 801 et seq.[6] As in *Brown v. State*,[7] the circumstances here establish the exception to OCGA § 16-1-8 (c)'s bar to State prosecution after a federal conviction based on the same conduct, because the two offenses each contain an element not required by the other. The conviction for conspiracy in federal court required

---

[2] *Satterfield v. State*, 256 Ga. 593, 595 (2) (351 SE2d 625) (1987).

[3] *Heath v. Alabama*, 474 U. S. 82, 89 (106 SC 433, 88 LE2d 387) (1985), citing *United States v. Lanza*, 260 U. S. 377, 382 (43 SC 141, 67 LE 314) (1922).

[4] *State v. Estevez*, 232 Ga. 316, 317 (206 SE2d 475) (1974).

[5] See also OCGA § 16-13-31 (e).

[6] 21 USC § 846. Compare OCGA § 16-4-1 (criminal attempt), § 16-4-8 (conspiracy), and § 16-2-20 (parties to the crime).

[7] 181 Ga. App. 795, 796-797 (354 SE2d 3) (1987) (federal conviction for conspiracy to "import a controlled substance into a customs territory of the United States" contains element not included in Georgia offense of trafficking cocaine committed by "knowingly and actually possessing more than 400 grams," which in turn contains an element not included in the federal importation statute).

proof of Moser's knowing and voluntary participation in an unlawful agreement to possess and distribute methamphetamine,[8] whereas the Georgia crimes require proof of the possession alleged in the indictments and, in the case of trafficking methamphetamine, proof of possession of 28 grams or more.[9] Consequently, we hold that State prosecution of the crimes alleged in Count 3 (possession of methamphetamine), Count 4 (possession of methamphetamine with the intent to distribute), and Count 5 (party to the crime of possessing more than 28 grams of a mixture of methamphetamine) is not barred under OCGA § 16-1-8 (c), based upon Moser's conviction in federal court for conspiracy to possess methamphetamine with the intent to distribute, during the time period including November 3, 1996. Counts 1 and 2 (marijuana charges) and Count 6 (possession of devices for the commission of a crime) clearly are not barred by the prior federal conviction. The trial court did not err in denying Moser's plea of double jeopardy.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 11, 2000 —
RECONSIDERATION DENIED OCTOBER 6, 2000 — 

*Mitchell D. Durham*, for appellant.

*T. Joseph Campbell, District Attorney, Mickey R. Thacker, Assistant District Attorney*, for appellee.

---

[8] *United States v. Torres*, 53 F3d 1129, 1134 (I) (A) (10th Cir. 1995). 21 USC § 846 does not require proof of an overt act in order to authorize a conspiracy conviction. *United States v. Mulherin*, 710 F2d 731, 737 (II) (c) (11th Cir. 1983).

[9] OCGA § 16-13-31 (e).