## A01A0905. SCOTT v. THE STATE.
### (553 SE2d 276)

MILLER, Judge.

Robert D. Scott was convicted of two counts of aggravated assault and one count of possession of a firearm during the commission of a felony. After the denial of his motion for new trial, Scott appeals, asserting as error the denial of his motion to dismiss and the trial court's refusal to give a jury charge on self-defense. Scott also complains of the State's allegedly improper comments made during closing argument.

1. Although the court instructed the jury on the law of accident, it refused to give Scott's requested charge on self-defense. Scott enumerates this failure as error. It is not error to fail to give a charge where there is no evidence to support it.[1]

The defense of self-defense admits, but seeks to justify, the com-

---

[1] *Alexis v. State,* 273 Ga. 423, 426 (4) (541 SE2d 636) (2001).

mission of an act.[2] Scott testified that after an altercation with a patron in a club, he decided to leave. As he was leaving, the patron and two bouncers grabbed him from behind and a scuffle began. He further testified that one of the men had a gun of which he tried to gain control but was unable to, and that the gun fired during the struggle, injuring one of the men.

Scott presented no evidence that he committed the act that was the basis of the aggravated assault charges. On the contrary, he testified that he did not fire the gun and that his fingerprints would have been only on the gun's barrel. As Scott's testimony does not allow for even the possibility that he fired the gun, no evidence of self-defense was presented.[3] Therefore, *Turner v. State*[4] and its progeny do not apply to require the giving of the charge on self-defense. Thus, the trial court did not err in failing to give Scott's requested charge on self-defense.

2. Scott argues that the court erred in denying his motion to dismiss on the ground of double jeopardy. Specifically, he contends that because he was acquitted in federal court for a crime involving the same conduct that was the basis for the state charges, he was impermissibly subjected to double jeopardy.[5]

OCGA § 16-1-8 (c) provides that

[a] prosecution is barred if the accused was formerly prosecuted in a district court of the United States for a crime which is within the concurrent jurisdiction of this state if such former prosecution resulted in either a conviction or an acquittal and the subsequent prosecution is for the same conduct, unless each prosecution requires proof of a fact not required in the other prosecution or unless the crime was not consummated when the former trial began.

Scott was tried in federal district court for violation of 18 USC §§ 922 (g) and 924 (e). The federal charge required proof that Scott had been convicted of a crime punishable by imprisonment for a term exceeding one year, and that he knowingly possessed a firearm which had been shipped or transported in interstate or foreign commerce. The state charge, possession of a firearm during the commission of a felony, required proof that Scott possessed a gun during the commission of or the attempt to commit any crime against or involving the

---

[2] See *Brown v. State*, 267 Ga. 350, 351 (2) (478 SE2d 129) (1996); see generally OCGA § 16-3-21.

[3] *Emerson v. State*, 222 Ga. App. 596, 597 (2) (b) (474 SE2d 638) (1996).

[4] 262 Ga. 359-360 (2) (418 SE2d 52) (1992).

[5] We will address this enumeration although the record, which does include a copy of the federal indictment, does not contain a copy of the acquittal.

person of another, and which crime is a felony.[6]

Clearly the two offenses each contain an element not required by the other, and therefore the state conviction is not barred under OCGA § 16-1-8 (c).[7] Thus, the trial court did not err in denying the motion to dismiss on this ground.

3. Scott contends that the State made improper comments during closing argument, but concedes this error was not preserved. Scott's failure to object to the allegedly improper argument precludes appellate review.[8]

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED JULY 31, 2001.

*William P. Nash, Jr.*, for appellant.
*J. Gray Conger, District Attorney, Samuel G. Merritt, Assistant District Attorney*, for appellee.

---

[6] OCGA § 16-11-106 (b) (1).

[7] See *Torres v. State*, 270 Ga. 79, 80 (1) (508 SE2d 171) (1998); *Moser v. State*, 246 Ga. App. 268, 269-270 (2) (538 SE2d 904) (2000); *McAlister v. State*, 236 Ga. App. 609, 610 (1) (512 SE2d 53) (1999).

[8] *Rogers v. State*, 247 Ga. App. 219, 223 (5) (543 SE2d 81) (2000); *Daker v. State*, 243 Ga. App. 848, 854 (18) (533 SE2d 393) (2000).