**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and MCMILLIAN, J.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 16, 2015**

# In the Court of Appeals of Georgia

A14A2150. STEMBRIDGE v. THE STATE.

McMillian, Judge.

Stacey Stembridge appeals the trial court's order denying his "Motion in Autrefois Convict/Plea in Bar" under OCGA § 16-1-8 (c) against a charge of trafficking in cocaine. In reviewing the grant or denial of such a motion/plea "where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, as here, we review de novo the trial court's application of the law to the undisputed facts." (Citation and punctuation omitted.) *State v. Jeffries*, 298 Ga. App. 141, 142 (679 SE2d 368) (2009). And after applying a de novo review, we affirm.

On November 13, 2009, a Fulton County grand jury indicted Stembridge on one count of trafficking in cocaine under OCGA § 16-13-31 (Count 1), one count of possession of marijuana with intent to distribute under OCGA § 16-13-30 (Count 2),

and one count of fleeing and attempting to elude OCGA § 40-6-395 (Count 3) in connection with events occurring on November 6, 2009 in Fulton County (the "state indictment"). Count 1 of the state indictment charged that on that date, Stembridge unlawfully and knowingly possessed a mixture with a purity of at least 10 percent of cocaine, with a weight of 400 grams or more. David Kevin Hines was named as a co-defendant in Counts 1 and 2 of that indictment.

Shortly thereafter, on December 1, 2009, the United States Government (the "Government") filed a separate federal indictment, charging that "between on or about November 1, 2006 and on or about November 4, 2009," Stembridge and Michael J. Webb engaged in a conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 USC §§ 841(a) (1), 841 (b) (1) (A) (ii), 841 (b) (1) (A) (iii), and 846 (the "federal indictment"). The federal indictment alleged that the offense involved five kilograms or more of a mixture and substance containing a detectible amount of cocaine and more than fifty grams or more of a mixture and substance containing crack cocaine.

In support of that indictment, the Government represented, and Stembridge acknowledged,[1] that it could present evidence showing that on or about November 3, 2009, Stembridge sold one half of a kilogram of cocaine powder to Webb for $15,000 and Webb subsequently transported the cocaine to Panama City, Florida. And on or about, November 4, 2009, law enforcement officials executed a search warrant at Webb's Panama City residence where they discovered, among other contraband, the cocaine purchased from Stembridge. The Government also represented it could present evidence that between on or about November 1, 2006 and on or about November 4, 2009, Webb and Stembridge had conspired together and with others to distribute at least two but not more than three and one-half kilograms of cocaine powder in the Northern District of Florida.[2]

At the motion hearing in this case, the parties stipulated into evidence several reports prepared by investigators from the United States Drug Enforcement Administration in connection with Webb's arrest. Those reports indicate that after he

---

[1] Although Stembridge acknowledged the Government could present such evidence, he also understood that he could present to the court his own version of the facts and could dispute particular allegations against him.

[2] Stembridge admitted at his plea hearing that he knew the cocaine he sold to Webb during the stated time period was, in fact, destined for sale in the Northern District of Florida.

3

was arrested on November 4, 2009, Webb admitted that he owned the cocaine found at his residence, that he purchased it the day before in Atlanta from Stembridge, and that he drove it into Florida where he was in the process of manufacturing crack cocaine. He told the federal investigators that he had made approximately thirty trips to Atlanta to purchase cocaine from Stembridge over the preceding three years. The federal indictment was based on these transactions involving Webb and Stembridge.

The reports also reflect that Webb agreed to participate with law enforcement in setting up a controlled buy of cocaine from Stembridge in Atlanta on November 6, 2009. When Stembridge and Hines arrived at the arranged location for the buy, law enforcement officers used their vehicles to block Stembridge's car. Although Stembridge attempted to flee in his car, striking two police cars in the effort, and Hines refused to exit the car, they both were arrested at the scene. A subsequent search of Stembridge's car resulted in the recovery of what appeared to be "a compressed brick of suspected cocaine wrapped in plastic," among other items. A detective from the Atlanta Police Department took custody of this "brick" for processing and safekeeping, and the GBI later identified it as 908.18 grams of cocaine. The state indictment was based on this controlled buy.

4

On April 21, 2010, Stembridge pled guilty to a lesser included offense to the federal charge, namely conspiracy to distribute and possess with intent to distribute more than 500 grams of a mixture and substance containing a detectible amount of cocaine in violation of 21 USC §§ 841 (a) (1) and 846.

More than three years later, on August 30, 2013, Stembridge filed his motion in autrefois convict, seeking to interpose the bar of OCGA § 16-1-8 (c) to prevent his prosecution on the Georgia trafficking charge. Stembridge asserts that the trial court erred in denying this motion.

Under the dual sovereignty doctrine, where a single act violates the law of two sovereigns (e.g., the United States and a state), an accused may be prosecuted and punished by each sovereign without violating double jeopardy. See *Heath v. Alabama*, 474 U.S. 82, 88 (106 SCt 433, 88 LE2d 387) (1985); *United States v. Lanza*, 260 U.S. 377, 382 (43 SCt 141, 67 LE 314) (1922). Under this doctrine, therefore, even if Stembridge's state and federal prosecutions had arisen out of a single act, Georgia would not be barred from prosecuting Stembridge simply because the federal government had already done so. Although Georgia still adheres to the concept of dual sovereignty, it, like a number of other states, places a statutory limitation on the doctrine. See *Sullivan v. State*, 279 Ga. 893, 900 (3) (622 SE2d 823)

(2005); *Palmer v. State*, 315 Ga. App. 396, 397 (727 SE2d 189) (2012). That

limitation, codified at OCGA § 16-1-8 (c), provides that

> [a] prosecution is barred if the accused was formerly prosecuted in a
> district court of the United States for a crime which is within the
> concurrent jurisdiction of this state if such former prosecution resulted
> in either a conviction or an acquittal and the subsequent prosecution is
> for the same conduct, *unless each prosecution requires proof of a fact
> not required in the other prosecution* or unless the crime was not
> consummated when the former trial began.

(Emphasis supplied.) We conclude that the prosecutions involved in this case fall

within one of the exceptions set forth in OCGA § 16-1-8 (c) because each prosecution

requires proof of a fact that the other does not.[3]

Stembridge pled guilty to a conspiracy to violate 21 USC §§ 841 (a) (1)[4] in

violation of 21 USC § 846. That section provides that "[a]ny person who attempts or

---

[3] Therefore, we need not address the issues of whether Georgia and the Government have concurrent jurisdiction or whether the two indictments arose out of the same conduct. Compare *Sullivan*, 279 Ga. at 894 (threshold question under OCGA § 16-1-8 (c) is whether the prior federal prosecution was within the concurrent jurisdiction of the state).

[4] That statute makes it illegal "for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." 21 USC § 841 (1) (a).

6

conspires to commit any offense defined in this title shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." "To sustain a conviction for conspiracy [under § 846], the government must prove beyond a reasonable doubt that a conspiracy existed, that the defendant knew of it, and that the defendant, with knowledge, voluntarily joined the conspiracy." *United States v. Brazel*, 102 F3d 1120, 1131 (11th Cir. 1997). However, the Government "need not prove the commission of any overt acts in furtherance of the conspiracy." *United States v. Shabani*, 513 U.S. 10, 15 (115 SCt 382, 130 LE2d 225) (1994). Rather, "[t]he essence of conspiracy is the agreement and not the commission of the substantive offense." *United States v. Gore*, 154 F3d 34, 40 (2d Cir.1998). See also *United States v. Boldin*, 818 F2d 771, 775, n. 3 (11th Cir. 1987). Therefore, "[a]s a matter of law, the crime of conspiracy must involve the agreement of two or more persons to commit a criminal act or acts since the act of agreeing is a group act, unless at least two people commit it, no one does." (Punctuation omitted.) *Gore*, 154 F3d at 40.

In contrast, a trafficking charge under OCGA § 16-13-31 (a) (1),[5] does not require proof of an agreement between two or more people to commit a criminal act; indeed, it is a crime that may be committed by one person acting alone. However, unlike the federal conspiracy statute, the Georgia trafficking statute requires proof of a criminal act – in this case, possession of cocaine. Accordingly, because each prosecution requires proof of a fact that the other does not, the State's prosecution of the trafficking charge against Stembridge does not violate OCGA § 16-1-8 (c), and we affirm the trial court's decision. See *Moser v. State*, 246 Ga. App. 268, 269-270 (2) and n. 8 (538 SE2d 904) (2000) (prior federal prosecution under 21 USC §§ 841 (a) (1) and 846 for possession of methamphetamine did not bar state prosecution for, inter alia, trafficking in more than 28 ounces of methamphetamine arising out of

---

[5] OCGA § 16-13-31 (a) (1) provides:

Any person who sells, manufactures, delivers, or brings into this state or who is in possession of 28 grams or more of cocaine or of any mixture with a purity of 10 percent or more of cocaine, as described in Schedule II, in violation of this article commits the felony offense of trafficking in cocaine and, upon conviction thereof, shall be punished . . . ,"

and the term of imprisonment is determined by the quantity involved over 28 grams. See OCGA § 16-13-31 (a) (1) (A), (B) & (C).

8

transaction(s) occurring during the conspiracy period); *Brown v. State*, 181 Ga. App. 795, 796-797 (354 SE2d 3) (1987) (prior federal conviction for conspiracy to import a controlled substance (cocaine) into a customs territory of the United States in violation of 21 USC § 963[6] did not prevent Georgia's prosecution of trafficking in cocaine charge).[7]

However, Stembridge raises a new argument in his appellate reply brief, asserting that the State's prosecution is nevertheless barred under OCGA § 16-4-8.1, which provides that "[a] person may not be convicted of both conspiracy to commit a crime and the completed crime." Pretermitting whether this statute would even apply to a federal conviction for § 846 conspiracy and a state conviction under OCGA

---

[6] "Because Congress enacted 21 USC §§ 846 and 963 within the same public law and utilized identical language when crafting these parallel conspiracy provisions, the government must prove the same essential elements to sustain a conviction under either statute. See *United States v. Montgomery*, 150 F3d 983, 998 and n. 4 (9th Cir.1998)." *United States v. Vasquez-Uribe*, 426 Fed. Appx. 131, 135, n. 3 (3d Cir. 2011)

[7] Stembridge asserts that the state prosecution should be barred because the language of the federal indictment was broad enough to encompass the events of November 6, 2009, on which the state indictment was based, in that it alleged that conspiracy ended "on or about" November 4, 2009. But as the *Moser* case demonstrates, even if the November 6, 2009 transaction somehow fell within the conspiracy period, a state trafficking prosecution is not barred by a prior federal prosecution for conspiracy, because each requires proof of a fact the other does not.

§ 16-13-31, we cannot consider this argument because Stembridge failed to raise it in the trial court. It is well settled that

> issues presented for the first time on appeal furnish nothing for us to review, for this is a court for correction of errors of law committed by the trial court where proper exception is taken, because one may not abandon an issue in the trial court and on appeal raise questions or issues neither raised nor ruled on by the trial court.

(Citation and punctuation omitted.) *Williams v. State*, 326 Ga. App. 665, 670 (4) (757 SE2d 267) (2014).

> *Judgment affirmed. Phipps, C. J., and Ellington, P. J., concur.*